IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-10905
Conference Calendar

CRAIG WHITE

           Plaintiff-Appellant

v.

DAVID GUTIEREZ, Sheriff; LUBBOCK COUNTY JAIL

           Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CV-105

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Craig White, Texas prisoner # 070970, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous.

    White argues that his constitutional rights were violated when prison guards sexually harassed him by calling him names concerning his sexual orientation. Verbal abuse and threatening language and gestures, however, do

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not give rise to a cause of action under § 1983. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).

White asserts that he was denied access to the prison law library. To the extent that this claim may be liberally construed as a claim of denial of access to the courts, White has not demonstrated the actual injury required for such a claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996).

White also asserts that the prison guards' actions were in retaliation for his reporting of illegal chemical dumping. White has not established a retaliation claim because he has not alleged "a chronology of events from which retaliation may plausibly be inferred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

White argues for the first time on appeal that the prison guards' actions were in retaliation for his filing of a lawsuit against the Lubbock FBI and sheriff's office and that prison guards denied him toilet paper and prevented him from using grievance procedures. White may not raise these claims for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

White's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we dismiss his appeal as frivolous. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of White's complaint as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Prior to this, White had accumulated at least one strike. See White v. Lubbock Office, Federal Bureau of Investigation, No. 5:07-CV-091 (N.D. Tex. Aug. 13, 2007). Because White has now received at least three strikes under § 1915(g), he is barred under that statute from proceeding in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

No. 07-10905

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.